IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JUAN I. GUZMAN                                                        PLAINTIFF

v.                                             CIVIL NO. 1:23-cv-00111-HSO-BWR

JOHN A. MILLER, et al.                                            DEFENDANTS

## ORDER OF DISMISSAL

BEFORE THE COURT is pro se Plaintiff Juan I. Guzman's Complaint [1],
alleging that Defendants John A. Miller and the Mississippi Bar violated his Eighth
and Fourteenth Amendment rights.  Compl. [1] at 2-3.  Guzman is a prisoner
currently incarcerated with the Mississippi Department of Corrections, and he is
housed at the George/Greene County Correctional Facility in Lucedale, Mississippi.
Resp. [20] at 2.  Guzman is proceeding *in forma pauperis*.  Order [7].

The Court finds that this case should be dismissed.  Guzman's claims
purportedly arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics*, 403 U.S. 388 (1971).  Compl. [1] at 3.  But these claims fail under *Bivens*
because Guzman has not named a federal agent responsible for the alleged
constitutional deprivations.  Assuming that he intended to sue Defendants under 42
U.S.C. § 1983, his claims against Miller are time-barred, and his claims against the
Mississippi Bar are frivolous and fail to state a claim.  The Court will decline to
exercise supplemental jurisdiction over any remaining state-law claims, which will
be dismissed without prejudice.

I. <u>BACKGROUND</u>

On or about September 27, 2015, Guzman retained Miller to represent him in a criminal case in the Circuit Court of Jackson County, Mississippi.  Resp. [20] at 1.  Guzman's children paid Miller "[a]n initial downpayment" of $5,000.00, and he provided them with a receipt by email.  *Id.*  Over time, Miller requested additional funds, including $2,500.00 "to reschedule the court [date]."  *Id.*; *see also* Compl. [1-1] at 2.  Miller ultimately charged Guzman and his family approximately $20,000.00 for legal services, and most of these funds were provided by "cash payments" outside the office with "no receipts . . . provided."  Resp. [20] at 1.

Miller represented that "the total cost [of his representation] included Spanish interpreter services," *id.*, since Guzman "does not speak English," Compl. [1-1] at 2.  But no interpreter was provided; instead, Miller "used [Guzman's] daughter and son to translate . . . information to [him]."  Resp. [20] at 1.  In fact, Miller "never spoke to [Guzman]" throughout their attorney-client relationship.  *Id.*  Moreover, Miller "reassured" Guzman's children that the trial judge "would go easy on [him]" since Miller "personally knew the judge."  *Id.* (quotation omitted).  Miller allegedly "coerced [Guzman] into agreeing to . . . plead guilty," and he promised that Guzman "would only be incarcerated for a maximum sentence of 3 to 5 years if [he] did so."  *Id.*

On August 7, 2017, Guzman pled guilty to two counts of exploitation of a child and was sentenced to 15 years in prison.  *Id.*; *see also* Inmate Details, Juan Guzman, https://www.ms.gov/mdoc/inmate/Search/GetDetails/211746 (last accessed May 7,

2024).[1]  Miller then requested and was paid another $1,000.00 "to ask [the judge] to reconsider the sentence."  Compl. [1-1] at 2.  Miller vowed to "file the necessary documentation" and "added that if the court decided not to reconsider, he would reimburse the money."  Resp. [20] at 1.  Neither reconsideration nor reimbursement ever came, and Miller "stopped answering [the family's] calls or replying to [their] text messages."  *Id*.  Guzman and his family "never heard from [Miller] again."  *Id*.  Guzman pleads no facts to assign blame to the Mississippi Bar for these events.  *See* Resp. [20] at 2.

Though his pleadings are not entirely clear, Guzman apparently seeks a "default judgment" against Miller, plus a minimum of $75,000.00 in compensatory damages.  Compl. [1] at 4-5.  He also asks the Court "to file charges against . . . Miller" for his role in these events.  Resp. [10] at 4.

## II. <u>DISCUSSION</u>

### A.    <u>The Prison Litigation Reform Act</u>

Because Guzman is proceeding *in forma pauperis*, Order [7], his Complaint is subject to the case-screening procedures outlined in the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(e)(2).  The PLRA mandates dismissal if at any time the Court determines the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  *Id*. § 1915(e)(2)(B).  "A complaint is frivolous if it lacks an arguable basis in either law or fact."  *Fountain v. Rupert*, 819 F. App'x 215, 218

---

[1] The Court "may take judicial notice of matters of public record."  *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

(5th Cir. 2020). "A complaint fails to state a claim upon which relief may be granted if, taking the plaintiff's allegations as true, he could prove no set of facts in support of his claim that would entitle him to relief." *Id.*

In an action proceeding under § 1915, courts may "evaluate the merit of the claim sua sponte." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* So long as the plaintiff "has already pleaded his best case," *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (quotation omitted), and his "insufficient factual allegations [cannot] be remedied by more specific pleading," *Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994), the Court may dismiss the action sua sponte.

B.   Analysis

Guzman purports to assert a violation of *Bivens*, which provides a remedy for plaintiffs whose constitutional rights are violated by agents of the federal government. *Bivens*, 403 U.S. at 397 (holding "that petitioner is entitled to recover money damages for any injuries he has suffered as a result of the [federal] agents' violation of the [Fourth] Amendment"). "A *Bivens* action mirrors a civil rights action brought under 42 U.S.C. § 1983, the difference being that a *Bivens* action applies to alleged constitutional violations by federal actors, while a Section 1983 action applies to alleged constitutional violations by state actors." *Francisco v. Reese*, No. 5:08-cv-00214-DCB-MTP, 2009 WL 77458, at *3 (S.D. Miss. Jan. 9, 2009) (citing *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005)). Insofar as Guzman

4

has not named a federal actor as a Defendant, he cannot maintain this action under *Bivens*.

But "pro se pleadings are afforded liberal construction," *Chew v. Figueroa*, 582 F. App'x 543, 544 (5th Cir. 2014), and the Court may "construe liberally a pro se Plaintiff's pleading as one brought pursuant to another statute," *Banks v. Bradshaw*, No. 5:08-cv-00261-DCB-MTP, 2008 WL 4489759, at *2 (S.D. Miss. Sept. 30, 2008). Thus, the Court will construe Guzman's claims against Miller and the Mississippi Bar as arising under § 1983.

1.    <u>Section 1983 claims against Miller</u>

Guzman's § 1983 claims against Miller fail because they were not timely filed within the applicable statute of limitations. "A district court may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quotation and brackets omitted). Claims barred by the applicable statute of limitations "'are properly dismissed' as frivolous" under § 1915. *Abston v. Fed. Bureau of Prisons*, 689 F. App'x 304, 304 (5th Cir. 2017) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

There is no federal statute of limitations for civil rights actions brought under § 1983. *Owens v. Okure*, 488 U.S. 235, 239 (1989). "Because § 1983 claims are best characterized as personal injury actions, [the Supreme Court has] held that a State's personal injury statute of limitations should be applied to all § 1983 claims."

*Id.* at 240-41 (quotation omitted).  "The applicable Mississippi statute of limitations period is three years." *Mann v. Bryant*, No. 1:20-cv-00267-LG-RPM, 2021 WL 4254860, at *2 (S.D. Miss. Sept. 17, 2021); *see also* MISS. CODE ANN. § 15-1-49.

While Mississippi law governs the applicable limitations period, federal law controls when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  A claim accrues when a plaintiff has "a complete and present cause of action." *Id.* (quotation omitted).  The limitations period begins to run when a plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). "A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Id.* (quotation omitted).  "A plaintiff need not know that [he] has a legal cause of action; [he] need know only the facts that would ultimately support a claim." *Id.*

Under these principles, Guzman's claims against Miller accrued on or about August 7, 2017—when he realized that Miller had taken his money without providing the agreed-upon legal services. Resp. [20] at 2.  Guzman admits that he realized Miller's deception that day. *Id.*  Thus, the period for filing a lawsuit under § 1983 arising from his allegations against Miller expired at the very latest by August 7, 2020. *See Petty v. Boyd*, No. 1:11-cv-00016-JMR, 2011 WL 3876969, at *3 (S.D. Miss. Aug. 31, 2011) (giving a pro se plaintiff "the benefit of the most favorable date in the record" to determine when his claim accrued under § 1983).  Guzman

signed his Complaint on April 18, 2023, Compl. [1] at 11, almost three years after the applicable statute of limitations expired.

Thus, Guzman's § 1983 claims against Miller are time-barred, and they will be dismissed with prejudice "as frivolous" under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Abston*, 689 F. App'x at 304 (quotation omitted).

2.   Section 1983 claims against the Mississippi Bar

It is unclear why Guzman has named the Mississippi Bar as a Defendant. His only assertion of fact against the Mississippi Bar indicates that it was not involved in the events giving rise to this lawsuit.  Resp. [20] at 2 ("I am not aware if . . . the Mississippi State Bar has placed an order for Attorney Miller to repay me for failing to represent me.").  "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant."  *Howard v. Epps*, No. 2:09-cv-00152-KS-MTP, 2010 WL 2925371, at *2 (S.D. Miss. July 20, 2010) (quotation omitted).  Without a showing of personal involvement by the Mississippi Bar, Guzman's § 1983 claims against it must fail.

In addition, "Section 1983 provides relief for deprivations committed by *persons* acting under color of state law."  *Magee v. White*, No. 1:21-cv-00001-LG-RPM, 2022 WL 264544, at *6 (S.D. Miss. Jan. 27, 2022) (emphasis in original).  "The State of Mississippi is not amenable to suit under this statute, because 'a State is not a person within the meaning of § 1983.'"  *Id*. (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  "This holding likewise applies to any governmental

entities that are considered arms of the State for Eleventh Amendment purposes." *Id*. (quotations omitted). "The Mississippi Bar is considered an arm of the State of Mississippi." *Id*. (citing *Davis v. Mississippi*, No. 96-60475, 1997 WL 368353, at *1 (5th Cir. June 20, 1997)); *see also Adams v. Schmidt*, No. 2:14-cv-00059-DPJ-FKB, 2014 WL 10920441, at *3 n.1 (S.D. Miss. Sept. 22, 2014).

Guzman's claims against the Mississippi Bar are both frivolous and fail to state a claim within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). *See Magee*, 2022 WL 264544, at *7. They must be dismissed with prejudice.

3.   <u>Remaining state-law claims</u>

The Court has determined that all of Guzman's claims arising under federal law should be dismissed, and he has not "distinctly and affirmatively allege[d] the citizenship of the parties" for purposes of establishing original diversity-of-citizenship jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quotation omitted) (alteration adjusted). For this reason, supplemental jurisdiction under 28 U.S.C. § 1367 would be the only basis for the Court to retain jurisdiction to adjudicate any of Guzman's claims arising under state law.

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claim] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch*

*Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quotation and ellipsis omitted)). In determining whether to exercise supplemental jurisdiction, the Court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding v. Dayco Prods., Inc.*, 554 F.3d 595, 601-02 (5th Cir. 2009).

Based on the circumstances of this case, and because the Court has dismissed all claims over which it had original jurisdiction, the Court will decline to exercise supplemental jurisdiction over any remaining state-law claims. The parties have conducted no discovery and filed no dispositive motions. Moreover, "[a] state court is in a better position to adjudicate [Guzman's] claims arising under state law." *Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL 2386706, at *8 (S.D. Miss. Mar. 6, 2023). Guzman's remaining state-law claims, if any, will therefore be dismissed without prejudice. *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court." (emphasis in original)).

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED**. Plaintiff Juan I. Guzman's federal-law claims against Defendant John A. Miller are **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Guzman's federal-law claims against Defendant the Mississippi

9

Bar are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  Any remaining state-law claims are **DISMISSED WITHOUT PREJUDICE**.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED**, this 13th day of May, 2024.

*s/ Halil Suleyman Ozerden*

HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE